**Nani P. SUTJIPTO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73098.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

James Canfield, San Jose, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

MEMORANDUM **

Nani P. Sutjipto, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily dismissing her appeal from an immigration judge's ("IJ") amended decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we review due process claims *de novo, Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of Sutjipto's asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656–58 (9th Cir.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2007) (per curiam). Accordingly, Sutjipto's asylum claim fails.

Sutjipto bases her claim for withholding of removal on a fear of future persecution, not on a showing of past persecution. Substantial evidence supports the IJ's finding that Sutjipto failed to establish that it was more likely than not that she will be persecuted on account of her conversion to Christianity if she returns to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003). Furthermore, even if the disfavored group analysis applied to Indonesian Christians in the context of withholding of removal, Sutjipto failed to demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir. 2004). Additionally, we reject Sutjipto's contentions that the IJ failed to address the offense of apostasy and failed to comply with the remand order because the record indicates that the IJ considered Sutjipto's claim, reviewed a complete transcript of the merits hearing, and issued an amended decision.

Finally, Sutjipto has not shown a due process violation because she has not demonstrated that the claimed defects in the agency record affected the outcome of the proceedings. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice for a due process violation).

**PETITION FOR REVIEW DENIED.**